The document below is hereby signed.

Signed: March 28, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FELIX ANDERSON, JR., | ) | Case No. 10-01264 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER OVERRULING
OBJECTION TO CLAIM OF AES/PHEAA WITHOUT PREJUDICE

The debtor objects to the claim of AES/PHEAA ("AES")in the amount of $246,925.64.  Curiously, AES has not responded to the objection or amended its proof of claim to provide the lack of detail of which the debtor complains.

The debtor's objection is based on two points:

- First, he states that his credit report reflects no debt owed to AES but does reflect a debt owed to SAF with an account number similar to the one filed in AES' proof of claim, in the amount of $173,805.00.  The debtor thus treats the SAF debt as the debt asserted by AES, but he contends that "[a]pproximately a week before the Debtor filed his petition for bankruptcy relief, SAF informed the Debtor in a telephone

- conversation that his total balance was approximately $173,900.00," and he points to AES's claim being $73,025.64 greater than that amount.
- Second, he objects that "AES has not provided any substantive documentation to establish its assertion that the loan total is $246,925.64 . . . . "

These objections are insufficient to disallow the claim:

- AES has not admitted that the SAF claim and the AES claim are one and the same, and a credit report is insufficient to establish that the debtor owes no debt to AES if the SAF claim and the AES claim are not one and the same.  More importantly, a statement by an SAF employee is not a statement of AES binding on AES.
- AES was not required to provide substantive documentation to establish the amount of its claim. While it would have been helpful for AES to have included as part of its proof of claim a record of all transactions relating to the account, it was not required to attach such a record to the proof of

claim.[1]

Under Rule 9011, the debtor should make sure that there is indeed a sound basis for objecting to the claim. The debtor has provided no detail to establish the amount he owes to AES. Assuming that the debt at issue was originally with SAF, and is now held by AES, the debtor should have records that establish how much is owed AES, namely, he should have the original contract and records of payments he has made on the debt. If he does not have such records, or reconstructing what amount is owed would be difficult, he should be readily able to acquire from AES the contract and an account statement, particularly during this era of electronic transmission of documents.

For all of these reasons, it is

ORDERED that the debtor's objection to the claim of AES (Dkt. No. 17) is OVERRULED without prejudice.

[Signed and dated above.]

Copies to: Debtor's attorney; Chapter 13 Trustee;

AES/PHEAA
PO Box 8147
Harrisburg, PA 17105

---

[1] Nevertheless, AES has not attached the parties' contract to the proof of claim. If it fails to amend the proof of claim to include the contract upon which the claim is founded, the claim might be found to have not complied with Fed. R. Bankr. P. 3001(c) and thus be found not entitled to any presumption of validity under Fed. R. Bankr. P. 3001(f) upon the debtor's renewing an objection to the proof of claim.